

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00098-CR
_____

DAVID ALAN BUCK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR24-119

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

After an open plea, David Alan Buck was convicted of stalking. *See* TEX. PENAL CODE ANN. § 42.072(b) (Supp.). After a punishment trial, Buck pled true to a prior felony conviction and was sentenced to twelve years' confinement in the Texas Department of Criminal Justice, Institutional Division.

Buck's appellate counsel filed a brief pursuant to *Anders v. California*, asserting that the appeal is without merit and that no reversible error appears in the record. *See Anders v. California*, 386 U.S. 738 (1967). We have conducted an independent review of the entire record and the *Anders* brief. We affirm the trial court's judgment, as modified.

Buck's appellate counsel has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief outlines the procedural history of the case and summarizes the evidence presented during the trial court proceedings. Since appellate counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders*. *Anders*, 386 U.S. at 743–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). Appellate counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On October 17, 2025, appellate counsel mailed to Buck copies of the brief, the motion to withdraw, and a copy of the appellate record. Buck was informed of his right to review the record and file a pro se response.

By letter dated October 17, 2025, this Court informed Buck that his pro se response was due on or before November 17, 2025. On December 4, 2025, we further informed Buck that the

2

case would be set for submission on December 29, 2025.  We received neither a pro se response from Buck nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that no reversible error exists, we must affirm the trial court's judgment.  *Id.*

Here, the reporter's record shows that Buck pled "true" to the allegations in the State's enhancement notice.  This conflicts with the trial court's judgment, which shows "N/A" regarding the enhancement allegation.  Therefore, we modify the judgment to reflect that Buck pled "True" to the enhancement allegation.  The courts of appeal have the authority to reform judgments to "speak the truth."  *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd.); *Asberry*, 813 S.W.2d at 530 ("Appellate courts have frequently reformed judgments to correct improper recitations or omissions relating to punishment.").

As modified, we affirm the trial court's judgment.[1]


Jeff Rambin
Justice

Date Submitted:     December 29, 2025
Date Decided:       June 1, 2026

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.